UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-19-FDW
(3:04-cr-39-FDW-3)

| | |
|---|---|
| BRIAN JEROME WISE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 2). Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina.

I.     BACKGROUND

Petitioner Brian Jerome Wise was indicted for conspiracy to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); two counts of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (Counts Ten and Eleven); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Twelve). See (Crim. Case No. 3:04-cr-39-FWD-3, PSR at ¶ 1). The Government filed a notice of intention to seek enhanced penalties under 21 U.S.C. § 851, citing Petitioner's two prior North Carolina drug convictions: a 1996 conviction for possession of cocaine and a 2002 conviction for possession with intent to sell or deliver cocaine. (Id., Doc. No. 269: 851 Notice).

Petitioner agreed to plead guilty to Count One in exchange for the dismissal of the other

1

charges against him.[1]  See (Id., Doc. No. 170 at ¶¶ 1-2: Plea Agrmt.).  As part of Petitioner's plea agreement, he agreed that he was responsible for at least 500 grams, but less than 1.5 kilograms of cocaine base.  (Id. at ¶ 7(a)).  The parties also agreed to limit the enhancements that would apply to Petitioner's offense level.  (Id. at ¶ 7(b)-(e)).  Petitioner waived the right to contest his conviction or sentence on appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel, prosecutorial misconduct, or the imposition of a sentence inconsistent with the guidelines stipulations in the plea agreement.  (Id. at ¶ 20).  After a plea hearing, the magistrate judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made.  (Id., Doc. No. 176: Entry and Acceptance of Guilty Plea).

A probation officer prepared a presentence report, recommending that, based on the amount of drugs involved in the offense, Petitioner's base offense level was 36 and that he should receive a three-level reduction for acceptance of responsibility, resulting in a total offense level of 33.  (Id., PSR at ¶¶ 34-35, 41-42).  The probation officer found that Petitioner had seven criminal history points—five points based on his prior convictions and two points for having committed the instant offense while on probation.  (Id. at ¶¶ 55-56).  Accordingly, Petitioner's criminal history category was IV.  (Id. at ¶ 57).  The guidelines range of imprisonment for offense level 33 and criminal history category IV was 188 to 235 months.  (Id. at ¶¶ 87-88).  However, because of the mandatory minimum term of imprisonment in light of Petitioner's two prior felony drug convictions, the guidelines term of imprisonment was life.  (Id.).

At sentencing, this Court granted the Government's motion to withdraw Petitioner's 1996

---

[1] Although the plea agreement appears to contain a typographical error, the judgment shows that Petitioner pleaded guilty to Count One and that Counts 10 to 12 were dismissed.  See (Crim. Case No. 3:04-cr-39-FWD-3, Doc. No. 279: Judgment).

drug conviction from the § 851 notice.  See (Id., Docket entries dated July 5, 2006).  This reduced the mandatory minimum term of imprisonment, as well as the guidelines range, to 240 months of imprisonment.  See (Id.).  This Court sentenced Petitioner to 240 months of imprisonment on July 5, 2006.  (Id., Doc. No. 279: Judgment).  Petitioner did not appeal.  This Court subsequently denied three motions by Petitioner for reduction of sentence under 18 U.S.C. § 3582 based on amendments to the guidelines.  See (Id., Doc. Nos. 358, 398, 444).

Petitioner filed the pending motion to vacate through counsel on January 17, 2017.  (Doc. No. 2).  Petitioner argues that the statutory mandatory minimum sentence of 240 months should not apply because, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his prior North Carolina conviction for possession with intent to sell or deliver cocaine no longer qualifies as a felony drug offense.  (Id.).  The Government has now responded and concedes that Petitioner is entitled to sentencing relief.

**II.  STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

Under 28 U.S.C. § 2255(f)(1), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Here, Petitioner did not file the petition within one year of when his conviction became final.  Thus, the petition is

untimely under § 2255(f)(1). The Government states, however, that it is waiving the statute of limitations. The Government also states that it does not seek to enforce the waiver provision in Petitioner's plea agreement. Thus, the Court may address the merits of Petitioner's claim.

Section 841 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

Here, the Court enhanced Petitioner's sentence based on his prior North Carolina conviction for possession with intent to sell or deliver cocaine, a Class H crime. See N.C. GEN. STAT. § 90-95 (2000). Petitioner had a prior record level of II, and he received an 8-10 month suspended sentence for this offense. (Civ. Doc. No. 2-3). Under the North Carolina Structured Sentencing Act, N.C. GEN. STAT. § 15A-1340.17(c)-(d) (2000), Petitioner could not have received a sentence of more than one year in prison for this conviction. Accordingly, although Jones and Harp were still good law at the time this Court sentenced Petitioner, Simmons has made clear that

4

Petitioner's prior conviction for possession with intent to sell or deliver cocaine was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1), because it was not punishable by more than one year in prison.

With respect to Petitioner's claim for relief in this proceeding, in <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. <u>Id.</u> at 346. Here, Petitioner's guidelines range without the mandatory minimum term was 188-235 months of imprisonment. <u>See</u> (Crim. Case No. 3:04-cr-39-FWD-3, PSR at ¶ 88). The Government concedes in its response Petitioner's exposure to the mandatory minimum may have affected the final determination of his sentence. The Government further concedes that the application of the mandatory minimum of 240 months of imprisonment deprived this Court of discretion and because, without application of the mandatory minimum, this Court may well have sentenced Petitioner to a sentence below 240 months of imprisonment. The Government states that it concedes, therefore, that Petitioner was sentenced in violation of the Due Process Clause as established in <u>Hicks</u>, and Petitioner is entitled to be resentenced.

The Court agrees with the parties that Petitioner is entitled to resentencing based on the Government's concession and waiver of the one-year limitations period. The Court will therefore grant the motion to vacate, and Petitioner shall be resentenced without application of a mandatory minimum of 240 months of imprisonment. Furthermore, as Petitioner notes, without application of the mandatory minimum of 240 months of imprisonment, Petitioner is eligible for a reduction to offense level 29 under the revised drug Guidelines, which results in a sentencing range of 121-151 months of imprisonment. (Doc. No. 2 at 4). Petitioner has been in custody

since April 29, 2005.  See (Id.).  Thus, if resentenced in the corrected range, he is eligible for immediate release.  The Court finds that Petitioner is entitled to be resentenced at an offense level 29, with a sentencing range of 121-151.  Because he has already served this amount of time, Petitioner is resentenced to time-served.

IV.   CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate, and Petitioner is resentenced to time-served in accordance with this order.  Therefore, Petitioner is entitled to release from custody.

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 2), is **GRANTED;** and Petitioner is re-resentenced to time-served in accordance with this Order.

(2) Petitioner is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. Petitioner's term of supervised release shall remain in place.

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: April 18, 2017

Frank D. Whitney
Chief United States District Judge

6